IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| CECIL WALTER MAX-GEORGE, JR. | § | |
| VS. | § | CIVIL ACTION NO. 9:19cv223 |
| EQUIFAX INFORMATION SERVS. LLC | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Cecil Walter Max-George, Jr., an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this lawsuit against Equifax Information Services, LLC. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Allegations

Plaintiff alleges that on October 5, 1974, in accordance with the Fair Credit Report Act of 1970, the defendant entered into a contract with plaintiff to collect his private, personal information and data. On July 20, 2015, plaintiff began serving his current term of incarceration. He states his credit score at the time was 740 and that he had several accounts with Wells Fargo Bank, Santander and Capital One.

Plaintiff states that on March 7, 2017, The Apache Foundation, a cybersecurity group that oversees the Project of Opensource Software, discovered a website application vulnerability known as Struts-CVE-2017-5638. A Vulnerability Notice was distributed that day by the U.S. Computer Emergency Readiness Team. On March 9, the defendant sent a warning to their security staffers about the known flaw in the software, which was then being called "Apache Struts." Plaintiff states that the defendant's protocols required that any vulnerable software be patched within 48 hours.

Plaintiff alleges that on March 10, modifications were made to the flaw in the software and published by the National Vulnerability Database to any company using the software. He states that

on March 17, the defendant was still running the vulnerable verion of Apache Struts, after allegedly being scanned by its Information Security Department. On May 13, hackers entered the defendant's system through the vulnerable version of Apache Struts and accessed the private information and personal data stored in the defendant's databank. On May 15, the defendant allegedly ran a subsequent scan and no vulnerability was noted.

Plaintiff alleges that between May and July, 2017, hackers exploited the vulnerability in the defendant's system and were exposed to the personal information of 145.5 million Americans. He states that on July 29, the defendant alleged that it had become aware of the breach and exploitation.

Plaintiff states that on August 1 and 2, three corporate officers of the defendant sold their share options. He asserts that on September 7, the defendant made a public announcement of the vulnerability in its system and the massive breach by hackers. The defendant admitted the hackers gained access to credit card numbers for approximately 209,000 consumers, as well as documents with personal identifying information for other consumers. In early September, the officers who sold their share options resigned due to improprieties in their handling of the breach. On September 18, the Department of Justice opened a criminal investigation regarding insider training by the officers.

Plaintiff alleges the defendant failed to take reasonable measures to patch the vulnerability created by the Apache Struts, which allowed his private data and information to be exposed and stolen. The defendant also failed to protect his private information and data as required by 15 U.S.C.§ 1681o(a). Finally, plaintiff states the defendant breached its privacy agreement with him by allowing his private information and data to be accessed by unknown hackers.

Standard of Review

Pursuant to 28 U.S.C. § 1915A, a district court shall dismiss a complaint if it determines the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. "A district court may dismiss as frivolous [a complaint] . . . if it lacks an arguable basis in law or fact." *Geigers v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law

if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). The statute gives courts "'the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" *Denton v. Hernandez,* 504 U.S. 25, 32 (1992) (citation omitted). "Examples of complaints within the clearly baseless category are those which describe fanciful, fantastic, or delusional scenarios." *Ancar v. Sara Plasma*, *Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). "Pleaded facts which are merely improbable or strange, however, are not frivolous ...." *Id*.

In order to state a claim upon which relief may be granted, a complaint does not need detailed factual allegations. However, the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555.

## Analysis

Prior to considering the merits of a plaintiff's claim, a federal court should determine whether a plaintiff has standing to prosecute his claim. The jurisdiction of a federal court may only be invoked when a plaintiff has suffered some threatened or actual injury as a result of a putatively unconstitutional or illegal action. The judicial powers given to federal courts under Article III of the United States Constitution exist only to redress or otherwise protect against injury to a complaining party. *Warth v. Seldin*, 422 U.S. 490 (1975). In order to have standing to bring his claim in a federal court, a plaintiff must allege actual or threatened "injury in fact, economic or otherwise." *Association of Data Processing Orgs. v. Camp*, 397 U.S. 150, 152 (1970).

"Standing defies precise definition, but at the least instists that the complained of injury be real and immediate rather than conjectural, that the injury be traceable to the defendant's allegedly

unlawful conduct, and that the relief from the injury must be likely to follow from a favorable ruling." *Society of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1285 (5th Cir. 1992) (*en banc*).

Here, plaintiff complains of an alleged data breach of his personal information. However, plaintiff has not alleged he suffered any injury due to the alleged breach. Nor has he shown his personal data or information was exposed to any specific third party. As a result, plaintiff has not demonstrated he has standing to pursue his claims. This matter should therefore be dismissed without prejudice for lack of subject-matter jurisdiction.

### Recommendation

This lawsuit should be dismissed without prejudice for lack of subject-matter jurisdiction.

### Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 8th day of September, 2021.

_____
Zack Hawthorn
United States Magistrate Judge